```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
UNITED STATES OF AMERICA,                       :
                                                :
                Plaintiff,                      :
                                                :
        v.                                      :
                                                :
JUAN PABLO REYES-LERMA,                         :         ORDER
                                                :
                                                :         02 CR 1498 (NG)
                Defendant.                      :
                                                :
                                                :
-------------------------------------------------------------------x
```

**GERSHON, United States District Judge:**

*Pro se* defendant Juan Pablo Reyes-Lerma requests this Court to issue an order for his immediate deportation, pursuant to 8 U.S.C. § 1252(h)(2)(A).[1] Defendant also attaches to his motion, a letter requesting the Attorney General to order his immediate deportation and/or removal. Defendant, who pled guilty to a one count indictment charging him with the importation of heroin, in violation of 21 U.S.C. 952(a), 960(A)(1), and 960(b)(3), was sentenced to thirty-seven months imprisonment followed by three-years supervised release and charged a $100 special assessment. Defendant is currently serving his thirty-seven month sentence and now moves this Court for his immediate deportation to his native country of Colombia. For the reasons stated below, defendant's motion is denied.

---

[1] In his "Notice of Motion for Immediate Deportation," defendant cites § 242(h)(2)(2) as amended in 8 U.S.C. § 1252 (h)(2)(a), as providing for the "deportation of non-violent (alien) offenders prior to completion of sentence of imprisonment." However, this statute, as amended by section 438 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), is now codified as 8 U.S.C. § 1231(a)(4).

This Court has no jurisdiction to deport an alien prior to the completion of his prison term. AEDPA, in relevant part, states:

> The Attorney General is authorized to remove an alien in accordance with applicable procedures under this chapter before the alien has completed a sentence of imprisonment...if the Attorney General determines that (i) the alien is confined pursuant to a final conviction for a nonviolent crime...and (ii) the removal of the alien is appropriate and in the best interest of the United States.

8 U.S.C. § 1231 (a)(4)(B).

As the statute makes clear, only the Attorney General has the authority to order the immediate deportation of an alien prior to the completion of his sentence. *See Thye v. United States,* 109 F.3d 127, 128 (2d Cir. 1997); *see also United States v. Munoz-Pulgo*, 2003 WL 22047210 (S.D.N.Y. August 29, 2003). Accordingly, this Court has no discretion to grant defendant's motion.

For the foregoing reasons, defendant's motion for an order of immediate deportation is denied. This order is without prejudice to any action taken by the Attorney General with respect to defendant's request.

**SO ORDERED.**

*/s/ Nina Gershon*
**NINA GERSHON**
**United States District Judge**

**Dated:** **September 30, 2005**
**Brooklyn, New York**